**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**EUSTACE A. MENDEZ,**

      **Plaintiff,**

v.                   **23-CV-00042-JLS-HKS**

**JOSEPH KESSLER, NANCY HARVEY,**
**JUSTIN PRUYNE, JUSTIN DRISCOL,**
**NEW YORK POWER AUTHORITY,**

      **Defendants.**

---

## REPORT, RECOMMENDATION & ORDER

    This case was referred to the undersigned by the Hon. John L. Sinatra, Jr., pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #4.

    Plaintiff filed this employment discrimination action on January 19, 2023, *pro se*, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. Dkt. #1. On March 14, 2023, plaintiff filed an amended complaint. Dkt. #6.

    Currently before the Court is defendants' motion to dismiss plaintiff's amended complaint. Dkt. #9.

## BACKGROUND[1]

Plaintiff Eustace A. Mendez is employed at the New York Power Authority ("NYPA") in Niagara Falls, New York. Dkt. #1, p. 3. Plaintiff alleges that in 2003, he was denied the position of Mechanical Superintendent when management altered the qualifications for the job. Dkt. #1, pp.5, 7; Dkt. #6, p. 5. Plaintiff alleges that he is of "Black/Asian" ethnicity, and that the position was filled by a white, unqualified male employee. Dkt. #1, p. 5, Dkt. #6, p. 5.

Plaintiff also alleges he was denied a Regional Manager position that was awarded to a female of a different race. Dkt. #6, p. 4. An email indicates that this denial occurred in December 2020. Dkt. #9-2, p. 2.[2]

Plaintiff alleges that when he complained about discrimination to NYPA's internal EEO office in 2003, 2005, 2010, and 2018, they refused to investigate his concerns. Dkt. #1, pp. 5, 7; Dkt. #6, p. 5.

---

[1] An amended complaint typically supersedes any prior complaint and becomes the operative pleading. *Croney v. Dep't of Corr.*, 22-CV-1012 (JLS), 2024 WL 406682, at *4 (W.D.N.Y. Feb. 1, 2024) (citation and internal quotations omitted). However, it is apparent to the Court that plaintiff, by his notations on the amended complaint, intended to incorporate the allegations of his original complaint. Thus, "in accordance with the Court's obligation to construe pro se pleadings liberally, the Court considers both the original complaint and the amended complaint together." *Brock v. Zuckerberg*, 20-cv-7513 (LJL), 2021 WL 2650070, at *1, n.3 (S.D.N.Y. June 25, 2021).

[2] The general prohibition against considering matters outside the pleadings on a Rule 12 motion does not apply where "plaintiff has actual notice of all of the information in the movant's papers and has relied upon these documents in framing the complaint." *Hudson v. Potter*, 497 F. Supp. 491, 499 (W.D.N.Y. 2007) (citation and internal quotation marks omitted). The email attached to defendants' motion to dismiss was sent by a NYPA Human Resources official to plaintiff informing him that he was not selected for the Regional Manager position, which forms the basis for one of the claims in his amended complaint. Dkt. #6, p. 4. The Court may thus properly consider it at this stage of the proceedings.

Plaintiff also alleges that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on February 1, 2022. Dkt. #1, p. 5. The EEOC issued plaintiff a right-to-sue letter on November 2, 2022. Dkt. #11, p. 3.

In his original complaint, plaintiff alleged claims for failure to promote, unequal terms and conditions of employment, and retaliation based on race and age. Dkt. #1, p. 4. However, plaintiff did not provide his age or year of birth. *Id.* Plaintiff named as defendants: Joseph Kessler, NYPA CEO; Nancy Harvey, NYPA Chief Diversity Officer; Justin Driscoll, NYPA President; and Justin Pruyne, Investigator. Dkt. #1, pp. 2.

In his amended complaint, plaintiff added NYPA as a defendant and added claims for national origin, ethnic background, and gender discrimination. Dkt. #6, p. 1.

### DISCUSSION AND ANALYSIS

### Service of Process on NYPA

Before "a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Fantozzi v. City of New York*, 343 F.R.D. 19, 25 (S.D.N.Y. 2022) (citations and internal quotation marks omitted). Insufficient service can subject a complaint to dismissal under Fed. R. Civ. P. 12(b)(2). *Id.* at 26 (citation omitted).

Rule 5 of the Federal Rules of Civil Procedure requires that an amended complaint be served on all parties. Fed. R. Civ. P. 5(a)(1)(B). Further, Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In addition, Rule 4(j) expressly states the means for serving process on a state, municipal corporation, or other state-created governmental organization. Fed. R. Civ. P. 4(j).

"To establish good cause, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Fantozzi*, 343 F.R.D. at 26 (citations and internal quotation marks omitted). "And good cause does not exist where the plaintiff, upon learning that a defendant was not properly served, fails either to serve that defendant again within the time remaining under Rule 4(m) or to seek additional time within which to do so." *Id.*

Here, plaintiff does not dispute that he has never served the amended complaint on NYPA. Instead, he first argues that NYPA "was notified about the Amended Complaint by the Court." Dkt. #12, p. 5. The Court does not understand what plaintiff is referring to in this regard, but to the extent that NYPA knew of the filing of the amended

~ 4 ~

complaint because defendants shared the same counsel at that time, such knowledge does not excuse a failure of service where "plaintiff made no effort to achieve service, the resulting delay was lengthy, or plaintiffs failed to present a justifiable excuse for failing to effect service." *Fantozzi*, 343 F.R.D. at 30 (citations and internal quotation marks omitted).

Further, plaintiff filed his Amended Complaint on March 14, 2023. Dkt. #6. He thus had until June 12, 2023 to serve NYPA or seek an extension of time to do so. Fed. R. Civ. P. 4(m). Defendants filed their motion to dismiss—pointing out that NYPA had not been served—on April 13, 2023. Dkt. 9. Plaintiff was thereby put on notice of this service defect and had approximately two more months to correct it. Yet he does not claim to have taken any steps to do so.

"Although *pro se* litigants are afforded a certain amount of leniency with respect to service of process, they are still required to attempt to comply with procedural rules, especially when they can be understood without legal training and experience." *Pruthi v. Empire City Casino*, No. 18 Civ. 10290 (NSR), 2022 WL 596370, at *3 (S.D.N.Y. Feb. 28, 2022) (citation and internal quotation marks omitted).

Plaintiff also argues that NYPA's filing of the motion to dismiss is evidence of service. Dkt. #11, p. 1. This is incorrect. *See Luctama v. Knickerbocker*, 19 CV 8717 (VB), 2020 WL 1503563, at *3 (S.D.N.Y. Mar. 30, 2020) ("[I]t is well established that a defendant does not waive its right to contest jurisdiction simply by moving to dismiss for lack thereof.") (citation and internal quotation marks omitted).

The Court thus concludes that NYPA should be dismissed for lack of service pursuant to Fed. R. Civ. P. 12(b)(2).

### **Timeliness of Plaintiff's Claims**

"To pursue claims under Title VII and the ADEA, a plaintiff must file a discrimination charge with the EEOC, or a state or local agency capable of granting relief from discriminatory practices, within 300 days of the alleged discriminatory action." *Nnebe v. City of New York*, CIVIL ACTION NO.: 22 Civ. 3860 (VEC) (SLC), 2023 WL 9100339, at *9 (S.D.N.Y. Nov. 9, 2023) (citations and internal quotation marks omitted).

A plaintiff then must file his action in federal court within 90 days of receipt of a right-to-sue letter from the EEOC. *Id.* "The 90-day period is strictly enforced." *Wright v. Martin, Harding and Mazzotti, LLP*, 1:22-cv-515, 2023 WL 7702515, at *2 (N.D.N.Y. Nov. 14, 2023) (citation and internal quotation marks omitted).

Under these well-established standards, none of plaintiff's claims are timely.

First, the claims against NYPA are time-barred as they were filed well past the 90-day period discussed above. The EEOC issued a right-to-sue letter to plaintiff on November 2, 2022. Dkt. #11, p.3. Plaintiff did not file the amended complaint naming NYPA as a defendant until March 14, 2023, some 132 days later. Dkt. #6.

Moreover, the claims against NYPA in the amended complaint do not relate back to the original complaint. Federal Rule 15(c)(1)(C) permits relation back where the plaintiff changes the name of a defendant or adds a new defendant due to a "mistake concerning the proper party's identity." Fed. R. Civ. 15(c)(1)(C)(ii). However, this provision does not allow relation back where the "plaintiff has sued the right defendant, and simply neglected to sue another defendant who might also be liable." *In re Vitamin C Antitrust Litig.*, 995 F. Supp.2d 125, 129 (E.D.N.Y. 2014).

Next, all of plaintiff's claims are untimely because they are premised on allegedly discriminatory acts that occurred more than 300 days before plaintiff filed his charge with the EEOC on February 1, 2022, *i.e.*, before April 7, 2021.

As noted above, plaintiff's allegations of discrimination are based on: (1) the denial of the position of Mechanical Superintendent in 2003; (2) the denial of a Regional Manager position in 2020; and (3) NYPA's failure to investigate plaintiff's complaints of discrimination in 2003, 2005, 2010, and 2018. Thus, these actions all occurred outside the 300-day look-back period applicable to plaintiff's claims.

Further, the "continuing violation" doctrine does not save plaintiff's untimely claims. For the doctrine to apply, "a plaintiff must at the very least allege that one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." *Nnebe*, 2023 WL 9100339, at *9 (citation and internal quotation marks omitted). Moreover,

the doctrine "is heavily disfavored in the Second Circuit and courts have been loath to apply it absent a showing of compelling circumstances." *Id.*

As noted, none of the alleged acts of discrimination occurred within the limitations period.

Because the lack of service on NYPA and the untimeliness of plaintiff's claims are dispositive, the Court need not address defendants' remaining arguments as to the sufficiency of plaintiff's pleadings.

For these reasons, the Court concludes that defendants' motion to dismiss should be granted.

## **CONCLUSION**

For the foregoing reasons, it is recommended that defendants' motion to dismiss (Dkt. #9) be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed .R. Civ. P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

DATED:	Buffalo, New York
	February 27, 2024

           <u>s/ H. Kenneth Schroeder, Jr.</u>
           **H. KENNETH SCHROEDER, JR.**
           **United States Magistrate Judge**